J-S51044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIAN PADILLA-CANDELARIA , | : | |
| | : | |
| Appellant | : | No. 708 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 26, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0004022-2018

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED OCTOBER 29, 2019**

Christian Padilla-Candelaria ("Padilla-Candelaria") appeals from the judgment of sentence imposed following his convictions of simple assault by physical menace and terroristic threats.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background of this case, which we adopt for the purpose of Padilla-Candelaria's appeal.  **See** Trial Court Opinion, 5/31/19, at 1-5 (unnumbered).

On appeal, Padilla-Candelaria argues the following:

1. Whether there was sufficient evidence to sustain the conviction on the charge of [t]erroristic [t]hreats where the Commonwealth failed to establish[,] beyond a reasonable doubt[,] that [Padilla-Candelaria] communicated a threat to commit a crime of violence by pointing a gun at the victim [the "Victim"]?

---

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(3), 2706(a)(1).

2.    Whether there was insufficient evidence to sustain the conviction on the charge of [s]imple [a]ssault where the Commonwealth failed to establish[,] beyond a reasonable doubt[,] that [Padilla-Candelaria's simple assault] by physical menace to put the [V]ictim in fear of imminent serious bodily injury by pointing a gun at the [V]ictim?

Brief for Appellant at 5.

We will address Padilla-Candelaria's claims together, as both challenge the sufficiency of the evidence underlying his convictions. Padilla-Candelaria acknowledges that the evidence shows he pointed a gun at the Victim. *Id.* at 12. However, he argues that his intent was to keep the Victim from approaching him during their argument, and to "suggest[] that the encounter should remain non-physical," rather than to put the Victim in fear of imminent serious bodily injury or to terrorize him. *Id.* Padilla-Candelaria argues that even if he did point the gun at the Victim while threatening to shoot him, those actions cannot constitute simple assault by physical menace or terroristic threats because it is impossible to know what his true intentions were with the gun. *Id.*

In its Opinion, the trial court addressed both of Padilla-Candelaria's claims, set forth the relevant law, and determined that his challenges lack merit. *See* Trial Court Opinion, 5/31/19, at 3-5. We agree with the sound reasoning of the trial court, and affirm on this basis as to Padilla-Candelaria's challenges to the sufficiency of the evidence supporting his terroristic threats and simple assault convictions. *See id.*

Specifically, our review of the record confirms that Padilla-Candelaria aimed a gun at the Victim, while telling the Victim that Padilla-Candelaria was going to shoot him, a clear threat to commit a crime of violence. N.T., 3/21/19, at 11. The Victim heard and recognized the imminent threat that Padilla-Candelaria had communicated to him, testifying, "I thought that I was done. I couldn't go anywhere. I couldn't really go left, right, or anywhere. And yeah, I thought that was it." *Id.* at 7. The Victim's demeanor was "visibly shaken … when [the responding officer] was speaking to [the Victim] relative to the incident." *Id.* at 31-32. Additionally, had Padilla-Candelaria shot the Victim, it would have certainly created a substantial risk of death or some other type of serious bodily injury.

Because all elements of the crimes have been satisfied, we agree that sufficient evidence existed to support both of the convictions that Padilla-Candelaria challenges on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019

- 3 -